NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3178
_____

ELMER CRISTOBAL PEREZ-COBON a/k/a Elmer Cobo,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A215-589-875)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 27, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Opinion Filed:  June 8, 2020)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Elmer Perez-Cobon petitions for review of a decision of the Board of Immigration Appeals. The BIA dismissed Perez-Cobon's appeal from the decision of the Immigration Judge finding him ineligible for cancellation of removal as an alien convicted of a crime involving moral turpitude (CIMT). We will deny the petition for review.

I

A Guatemalan citizen, Perez-Cobon was admitted into the United States on an H-2 visa in 1997. He overstayed his visa, and the Department of Homeland Security placed him in removal proceedings in 2018. He conceded his removability and sought cancellation of removal under 8 U.S.C. § 1229b(b).

The IJ found Perez-Cobon ineligible for cancellation of removal because he was convicted of a CIMT (criminal impersonation in Delaware in violation of 11 Del. C. § 907(1)). The IJ ordered Perez-Cobon removed, and he appealed to the BIA. There, Perez-Cobon argued he had not been convicted of criminal impersonation and the IJ acted "hastily," preventing counsel from reviewing court records detailing Perez-Cobon's conviction. He also argued that even if he had been convicted, criminal impersonation under Section 907 is not a CIMT. The BIA concluded that the Delaware criminal impersonation offense is a CIMT and affirmed the IJ's decision.

II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA issues a written decision on the merits, we review its decision and not the decision of the IJ." *Baptiste v. Att'y Gen.*, 841 F.3d 601, 605 (3d

2

Cir. 2016) (internal quotation marks and citation omitted). Because the BIA's determination was made in "an unpublished, non-precedential decision issued by a single BIA member, we do not accord that determination any deference." *Id.* at 606. "At most, [such] decisions are persuasive authority." *Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014).

III

The Government claims Section 907 is a divisible statute. Before the BIA, Perez-Cobon agreed, writing in his brief that Section 907 "is clearly a divisible statute." App. 452. We agree.

A statute is divisible if it "lists multiple elements disjunctively," instead of "various factual means of committing a single element." *United States v. Henderson*, 841 F.3d 623, 628 (3d Cir. 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). In other words, a statute is divisible if it describes "multiple crimes." *Mathis*, 136 S. Ct. at 2249. We determine whether a statute is divisible by looking at the statute itself, state court decisions, and certain documents (such as the indictment, jury instructions, or plea agreement). *Id.* at 2249, 2256–57.

Section 907 is divisible for three reasons. First, it lists three subsections with distinct elements. 11 Del. C. § 907(1)–(3). Second, Delaware state courts distinguish among Section 907's subsections. *See, e.g.*, *Evans v. State*, 212 A.3d 308, 313–14 (Del. 2019). Third, Delaware's pattern jury instructions are different for each of Section 907's

3

three subsections.[1] So notwithstanding Perez-Cobon's new position in this appeal that Section 907 is not divisible, we conclude that it is.

Because Section 907 is divisible, we apply the "modified categorical approach" to determine whether it is a CIMT. *United States v. Ramos*, 892 F.3d 599, 606–07 (3d Cir. 2018) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). That approach requires us "to determine the particular subpart under which the alien was convicted." *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 474 n.16 (3d Cir. 2009) (citing *Partyka v. Att'y Gen.*, 417 F.3d 408, 416 (3d Cir. 2005)). The record here shows that Perez-Cobon violated Section 907(1). So we must determine whether that crime is a CIMT.

Section 907(1) provides: "A person is guilty of criminal impersonation when the person: (1) Impersonates another person and does an act in an assumed character intending to obtain a benefit or to injure or defraud another person." 11 Del. C. § 907(1). Whether a person impersonates another to "obtain a benefit," "injure," or "defraud," in each instance that person intentionally engages in dishonest or fraudulent conduct. That conduct "fall[s] well within the recognized definition of 'crimes involving moral turpitude.'" *Singh v. Att'y Gen.*, 807 F.3d 547, 550 (3d Cir. 2015) (citing *De Leon–Reynoso v. Ashcroft,* 293 F.3d 633, 635–36 (3d Cir. 2002)). So Perez-Cobon was convicted of a CIMT.

---

[1] Delaware's Pattern Jury Instructions (Criminal) are available at https://courts.delaware.gov/superior/pattern/pattern_criminal.aspx.

IV

Perez-Cobon also argues the BIA engaged in impermissible factfinding, considered inadmissible evidence, and applied the wrong legal test in deciding Section 907(1) is a CIMT. These arguments are unpersuasive.

First, Perez-Cobon contends the IJ did not find he impersonated a *living* person, as required for a conviction under Section 907(1), so the BIA somehow erred in accepting the IJ's conclusion that Perez-Cobon was convicted under Section 907. But Perez-Cobon's impersonation of a living person was implied in the IJ's finding that he had been convicted under Section 907(1), so the BIA did not err in accepting this finding.

Second, Perez-Cobon argues the BIA considered inadmissible evidence when it used a Delaware Criminal Justice Information System (DELJIS) charge summary to confirm his conviction.[2] And, later in his brief, he argues the IJ and BIA violated his due process rights by considering the DELJIS document. Perez-Cobon failed to exhaust this claim on appeal to the BIA, so he cannot seek review now. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1). Exhaustion aside, the agency may consider "[a]ny [] evidence that reasonably indicates the existence of a criminal

---

[2] "[T]he [Delaware] General Assembly created DELJIS for the express purpose of maintaining 'an accurate and efficient criminal justice information system in Delaware . . . .' 11 Del. C. § 8601." *Gannett Co. v. Del. Criminal Justice Info. Sys.*, 768 A.2d 508, 512–13 (Del. Super. Ct. 1999), *aff'd sub nom. Gannett Co. v. Del. Justice Info. Sys.*, 765 A.2d 951 (Del. 2000). DELJIS "supports the agencies and courts within Delaware's criminal justice system by providing access to vast amounts of data regarding individuals who have been arrested, or against whom formal criminal charges have been instituted." *Id.* at 513.

5

conviction" when determining eligibility for cancellation of removal. 8 C.F.R. § 1003.41(d). A DELJIS charge summary "reasonably indicates the existence of a criminal conviction," so it could be used to show that Perez-Cobon had been convicted of criminal impersonation.

Third, Perez-Cobon argues the BIA failed to apply the "least culpable conduct" test when analyzing his conviction. But the BIA determined that the least culpable conduct in Section 907(1) (impersonating another to obtain a benefit) involves dishonesty and is a CIMT.

V

Perez-Cobon makes several additional arguments we find unpersuasive. First, he argues the IJ violated his due process rights when it denied his motions for continuances. But he failed to exhaust this claim on appeal before the BIA, so he cannot raise it now. *See Abdulrahman*, 330 F.3d at 595; 8 U.S.C. § 1252(d)(1).

Second, Perez-Cobon contends the BIA failed to review all aspects of the IJ's decision, violating his right to individualized review. The BIA addressed each of Perez-Cobon's briefed arguments and reviewed the IJ's findings for error. Nothing about the BIA's opinion supports Perez-Cobon's claim.

Finally, Perez-Cobon argues the BIA abused its discretion when it declined to remand to the IJ based on the IJ's denial of his motions for continuances and its consideration of the DELJIS charge summary. For the reasons already stated, the BIA's decision not to remand was not "arbitrary, irrational, or contrary to law," *see Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002), so the BIA did not abuse its discretion.

6

## VI

We will deny Perez-Cobon's petition for review.